IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CA No.: 1:13-CV-1113

JUAN ACEVEDO PARRA, on behalf of )
himself and all others similarly situated, )
                                            )
       *Plaintiff*, )
                                            )
        vs. )
                                            )
QUALITY CONTROLLED CONCRETE, )
LLC, )
                                            )
      *Defendant.* )
                                            )

**JOINT SUPPLEMENTAL MEMORANDUM IN SUPPORT OF AMENDED
JOINT MOTION TO DISMISS AND APPROVE SETTLEMENT**

Plaintiff Juan Acevedo Parra ("Plaintiff") and Quality Controlled Concrete ("QCC" or "Defendant") (collectively, the "Parties"), hereby file their Supplemental Memorandum in Support of their Joint Motion to Dismiss and Approve Settlement.

On December 29, 2014, the Parties filed their Joint Motion to Dismiss and Approve Settlement. Dkt. 44. By Order dated January 29, 2015, the Court requested supplemental authority regarding the propriety of proceeding with the settlement without class certification.[1] Dkt. 45.

Pursuant to Rule 23 of the Fed. R. Civ. P., a class representative reaches a settlement on behalf of absent parties *who are forever bound* by the terms of the settlement *unless they exclude themselves* from the class by affirmatively opting out. In

---

[1] As set forth briefly in footnote 1 to the Joint Motion to Dismiss and Approval of Settlement, this action is *not* being resolved as a Rule 23 class action.

that instance, absent class members waive their rights to bring later suit for the same wrong, even if they fail to file a claim and get paid for their waiver. As this Court correctly noted, the critical distinction between a settlement under the FLSA and one under Rule 23 is that:

> [I]n order to release any claims, the Potential Participants have to agree specifically to the settlement and any amount owed. Absent affirmative agreement and acceptance, the Potential Participants do not release any claims and are free to individually pursue claims against Defendant Quality Controlled Concrete, LLC - and the other 'Released Parties' - should they choose to do so.

Dkt. 45. Thus, the Court is not required to follow the Rule 23 settlement approval procedures because this case is *not* being settled as a Rule 23 (opt-out) class action where absent class members need protection, but is being settled as an *opt-in* FLSA collective action where individuals give up no rights *unless* they elect to do so and receive payment for doing so.

### A. Plaintiff No Longer Seeks to Represent a Class of Employees Under Rule 23; Therefore, Rule 23 Certification Is Not Being Sought.

Although Plaintiff's Amended Complaint [2] contains Rule 23 class action allegations for the claims brought under the NCWHA, Plaintiff did not move to certify this matter as a class action during the litigation or for settlement purposes.[3] Because

---

[2] To the extent the Court would prefer Plaintiff to amend his Complaint to remove the class allegations, Plaintiffs will do so if so notified.

[3] Rule 23(e) provides, "The claims, issues, or defenses of a *certified class* may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed.R.Civ.P. 23(e) (emphasis added); *see also* 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1797 (1998 & Supp. 2006) (footnote omitted).

2

Case 1:13-cv-01113-WO-LPA   Document 46   Filed 02/12/15   Page 2 of 13

Plaintiff's alleged NCWHA claims nearly identical to those claims under the FLSA, the parties resolved this matter on the basis of the unpaid overtime claims under the FLSA, and any putative opt-in plaintiff who elects to participate in this settlement after receiving notice and information relating to its terms, may waive his rights, including those under the NCWHA, in exchange for payment to resolve his claim.

As this Court is aware, Rule 23(e) was amended in 2003 to include the term *'certified'* class to address the ambiguity in former 23(e)'s reference to dismissal or compromise of a 'class action.' That language, as originally written, was read to require court approval of *both* certified class actions, in addition to, those with only individual claims. The new rule, however, requires approval *only* if the claims, issues, or defenses involve a R.23 *certified* class.[4] Since the amendment, several courts have held that "settlements [] that occur *before* class certifications are outside the scope of [Rule 23]."[5] In essence, because *this* action was never certified under Rule 23, there is no impediment to the parties voluntarily dismissing the action under Rule 41(a)(1)(A)(ii).

### B. Settlement of an FLSA Collective Action, Pending Subsequent Court Approval, Need Not Be *Preceded* by Court Certification.

---

[4] *See* Fed.R.Civ.P. 23(e) 2003 advisory committee note (emphasis added).

[5] *See Buller v. Owner Operator Indep. Driver Risk Retention Group, Inc.,* 461 F.Supp.2d 757, 764 (S.D. Ill. 2006) (quoting 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1797 (3d ed. 1998 & Supp. 2006)); *see also Logue v. Nissan N. Am., Inc.,* 2008 WL 2987184, *3 (W.D. Tenn. July 30, 2008) (stating "voluntary dismissal without court order pursuant to Rule 41(a)(1) remains available to plaintiffs before their putative class is certified" (footnote omitted)); *Kurz v. Fidelity Mgmt. & Research Co.,* No. 07–CV–592–JPG, 2007 WL 2908918, *1 (S.D. Ill. Oct. 4, 2007) (finding "[b]ecause no class has been certified ... the question of voluntary dismissal ... is governed not by Rule 23 but by Rule 41").

3

The requirement for judicial approval[6] of a settlement in some private FLSA actions is not due to the "collective action" procedure provided in 29 U.S.C. 216(b). Rather, the requirement for such judicial oversight of private FLSA settlements stems from the policies of the FLSA that generally prohibit contractual agreement between any employer and employee whereby the employee would waive his or her minimum wage or overtime rights under the FLSA. *See Brooklyn Savings Bank, 324* U.S.at 704-10; *Barretine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739-40 (1981); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (7th Cir. 1982). Moreover, "[w]hile [some] courts speak of 'certifying' an FLSA collective action, it is important to stress that the 'certification' refer[red] to [is] the district court's exercise of the discretionary power…to facilitate the sending of notice to potential class members." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010); *Genesis Healthcare Corp., v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) ("[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees[.]"). Thus,

---

[6]Although many courts require judicial approval of FLSA settlements, some courts do not. For example, in *Martin v. Spring Break '83 Productions, LLC*, 688 F.3d 247 (5th Cir. 2012), after analyzing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) and its progeny, the court held that where there was the settlement of a *bona fide* dispute in an FLSA case, an FLSA settlement did *not* require judicial approval. *See also Duprey v. Scotts Co. LLC,* 2014 WL 2174751 (D. Md. May 23, 2014) ("Where a settlement is reasonable and is reached through negotiations between counsel in an adversarial setting, 'the concerns that the Eleventh Circuit expressed in *Lynn's Food Stores* are not implicated.'"). While this Court has not expressly ruled on whether FLSA settlements must be approved, it has approved FLSA settlements in *other* cases. Here, the parties sought approval of the settlement agreement to demonstrate the transparency of their negotiations and to ensure the terms of the settlement are fair and reasonable to named and putative opt-in plaintiffs.

4

'certification' is neither necessary nor sufficient for the existence of a representative action under FLSA[.]" *Myers*, 624 F.3d at 555.

Importantly, though, the FLSA *does* require that putative plaintiffs affirmatively opt in to a collective action to participate in a case. *See* 29 U.S.C. § 216(b). Each individual who consents to participate, thus, becomes an individual plaintiff, and judicial approval of FLSA claims applies to each of these individuals based on the prohibition against waivers of FLSA rights. However, judicial approval is *not* a due process requirement related to the protection of *absent* class members' rights, as in the context of a Rule 23 class action. *See*, *e.g.*, *Collins v. Sanderson Farms, Inc.*, 568 F Supp.2d 714, 719 (E.D. La. 2008) ("[I]n determining whether to approve an FLSA collective action settlement, the court's focus is *not* . . . on due process concerns, but [to] ensure an employer does not take advantage of its employees.");[7] Further, to gain an enforceable release of such FLSA claims, District Court enter "a stipulated judgment *after* scrutinizing settlements for fairness." *Lynn's Food Stores*, 679 F.2d at 1353. The fairness of the settlement has been described and analyzed by the parties in their Joint Motion to Dismiss and Settlement Agreement. Dkt. 44.

Moreover, there is no statutory basis which prohibits the putative opt-in plaintiffs from the *choice* to participate in the instant settlement. *See generally*, *Altier v. Worley*

---

[7] *See also Duprey v. Scotts Co. LLC*, 2014 U.S. Dist. LEXIS 70889 at *4 (D. Md. May 23, 2014) ("[c]ourt-approved settlement is an exception to that rule, provided that the settlement reflects a *reasonable* compromise rather than a mere waiver of statutory rights."); *Owino v. IBM Corp.*, 2013 U.S. Dist. LEXIS 84358 at *4 (M.D.N.C. June 14, 2013) ("[t]he statutory requirement for court approval reflects an interest in transparency in these cases.").

5

*Catastrophe Response, LLC*, 2012 U.S. Dist. LEXIS 6391 at *33-34 (E.D. La. Jan. 18, 2012) (finding "no possible prejudice to the existing [putative] plaintiffs by allowing them [] to either choose between accepting or rejecting the settlement)). Equally, there is no statutory basis prohibiting QCC from obtaining labor peace as to FLSA claims from as *many* current and former employees who are "similarly situated" to the named plaintiff as possible. By approving this settlement, the Court will be providing each putative opt-in plaintiff with a choice, either elect to participate and thereby release commensurate claims under both the FLSA and the NCWHA or not participate, and *retain the right to bring a separate action.*[8]

### C. The *Leigh* Decision is Distinguishable, Not Binding and Flawed in Its Core Analysis

In *Leigh v. Bottling Group LLC*, 2011 U.S. Dist. LEXIS 33147 (D. Md. Mar. 29, 2011), the court relied heavily upon *Perez v. Avatar Properties, Inc.*, 2008 WL 4853642 (M.D. Fla. Nov. 6, 2008) where the parties arrived in court with their claims *already* settled, attempting to treat a collective action as a post-certification Rule 23 class action – with preemptive global settlement accordingly. *Id* at *3. The *Perez* court treated that settlement as one of "mootness" of a dispute. *Id* at *3, n. 2.

Here, however, the parties did not reach a settlement until *after* (1) briefing Defendant's initial motion to dismiss; (2) extensive discovery; (3) a lengthy mediation; and (4) approximately two (2) additional months of arm's length negotiations. (*See* Dkt.

---

[8] In many ways, the settlement is a third-party beneficiary contract where the beneficiary is not bound to accept the benefit, but can elect to do so or can try to bargain for a better result in another manner.

6

39.). The parties currently have live controversies because no settlement agreement has been executed or approved. Second, the proposed settlement in this case does not treat the putative opt-in plaintiffs as members of a "post-certification Rule 23 class." To the contrary, all of the putative plaintiffs may (1) refrain from participating in the settlement and retain all of their rights and release nothing or (2) participate in the settlement, be compensated for their claims, and release their rights to overtime claims. Thus, the proposed settlement provides fidelity to the putative opt-in plaintiffs' rights as compared to the operative "opt-out" procedures of a "post-certification Rule 23 class action." [9]

Finally, the *Leigh* court mis-analyzed the need for objectors. *See Leigh*, 2011 WL 1231161 at 4. Due to the opt-in nature of FLSA claims, unlike a proposed settlement of a Rule 23 class action, an FLSA collective action does not require a "fairness hearing." *See*, *e.g.*, *Moore v. Ackerman Inv. Co.*, 2009 WL 2848858 at *2 (N.D. Iowa Sept. 1, 2009). In *Leigh*, the court essentially relied on *Perez* to implement a R.23 *certified* action concept by permitting putative opt-in plaintiffs to present objections, as if they and other absent class members would be bound, notwithstanding the fact that they did *not* have to participate in the action and would retain their rights to pursue claims

---

[9] *Compare Hopson v. Hanesbrands, Inc.*, 2008 U.S. Dist. LEXIS 86342 (N.D. Cal. Aug. 8, 2008) (approving the parties' proposed pre-certification "claim and consent to join forms" for putative "opt-in" plaintiffs to participate; the settlement was otherwise fair, and adequately informed putative opt-ins of the terms of the settlement) *with Kakani v. Oracle Corp.*, 2007 U.S. Dist. LEXIS 47515 (N.D. Cal. June 19, 2007) (refusing to approve proposed pre-certification settlement whereby FLSA claims of all class members would be released, whether or not they consented to join, and explaining: "[W]orkers who voluntarily send in a claim form and affirmatively join the action, of course, can be bound to a full release of all federal state [wage and hour] rights").

individually. *See generally, Torres v. Bank of Am.* (In re Checking Account), 830 F. Supp. 2d 1330, 1335-36 (S.D. Fla. 2011) (R.23 objectors raised concerns as to the evidence, amount, and manner in which the settlement was negotiated)). Because no one here is bound to the settlement *unless* they affirmatively choose to be bound, and contrary to a R.23 certified class action where an objector is bound to the settlement agreement irrespective of his objections, the opt-in nature of FLSA collective actions affords *more* rights than under the Rule 23 process, which makes the role of objectors unnecessary here.

### D. North Carolina District Courts and Other Jurisdictions Permit Settlements Similar to the Structure Proposed in the Instant Case.

In *Perez,* the court acknowledged that its concerns were atypical and stated, "there have been courts that have adopted [the] approach of approving FLSA settlements where "similarly situated" putative opt-in plaintiffs were allowed the choice to opt into the case in order to participate in a court-approved settlement." *See id* at *3, n. 2;[10] In fact, North Carolina District Courts often grant certification following early settlements. *See Hernandez-Martinez v. Speight Seed Farms, Inc.*, 2014 U.S. Dist. LEXIS 54327 at *4-6 (E.D.N.C. Apr. 13, 2014) (granting collective action certification where the parties stipulated to class certification, plaintiffs had filed opt-in forms); *Gamas v. Scott Farms, Inc.*, 2014 U.S. Dist. LEXIS 177206 at *2-3, 16-17 (E.D.N.C. Dec. 24, 2014) (same).

---

[10] *see also Chemi v. Champion Mortgage*, 2009 U.S. Dist. LEXIS 44860 (D.N.J. May 26, 2009) (noting that parties stipulated to certification under 29 U.S.C. 216(b) for settlement purposes, resulting in 405 of 917 eligible employees opting in to the FLSA settlement).

8

Likewise, here, the proposed settlement was reached pursuant to a "reasonable compromise of disputed issues" resulting from an adversarial process that the *Perez* court *acknowledged should be approved.*[11] Thus, the Court should approve the parties' motion to dismiss the action and approve the settlement.

### E. The Court May Grant Certification for Settlement Purposes Only.

Moreover, should the Court find that certification of the FLSA collective action is necessary for approval of the parties' settlement agreement and notice, the parties respectfully request that it grant conditional certification for purposes of this settlement only. *See Jimenez-Orozco v. Baker Roofing Co., Inc.*, 2007 U.S. Dist. LEXIS 9380 at *19-20 (E.D.N.C. Dec. 20, 2007) (certifying the FLSA action for settlement purposes); *McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465, 470 (E.D.N.C. 2010) (where plaintiffs alleged that common policies deprived them of wages, they were similarly-situated); *De Luna-Guerrero v. North Carolina Growers Ass'n*, 338 F.Supp.2d 649, 654-55 (E.D.N.C. 2004) (granting certification where "[t]he proposed class of opt-in plaintiffs complained of a reimbursement policy resulting in a minimum wage violation under the FLSA.").

Here, for settlement purposes, the named and putative plaintiffs are or were hourly-paid laborers who have or are working in Defendants' concrete construction business in North Carolina and were all subject to straight-time pay for all hours worked, a common policy which deprived them of their overtime wages, contrary to the FLSA. Furthermore, the parties stipulate that there are no substantial differences in factual or

---

[11] *See Lamb v. Sprint United Management Co.*, Case No. 05-2023-KHV/DJW at *4 (D. Kan. Sept. 21, 2005) (citing *Lynn's Food Stores*, 679 F.2d 1350, 1354-55 (11th Cir. 1982)).

employment settings between any of Defendant's current or former employees and for fairness and procedural considerations, "[t]he purpose behind collective actions is to allow for a streamlined and efficient adjudication of the claims of similarly situated plaintiffs." *Blaney v. Charlotte-Mecklenburg Hosp. Auth.*, 2011 U.S. Dist. LEXIS 105302 *33-34 (W.D.N.C. Sept. 16, 2011). Accordingly, if the Court finds it necessary to conditionally certify the action as part of its approval of the settlement, the parties respectfully request that the Court conditionally certify this case as a collective action under the FLSA.[12]

### F. Conclusion

The settlement of any private FLSA action, whether or not it is a collective action, may require judicial approval to effectuate a release of the affected employees' FLSA rights. However, neither the FLSA nor any identifiable policy prohibits a court-approved settlement of FLSA claims on behalf of putative opt-in plaintiffs *before* conditional certification. Nonetheless, the parties have provided evidence and legal support for certification for purposes of the proposed settlement. The Court should approve the proposed settlement because it has resulted from a *bona fide* dispute between the parties and because it is fair and reasonable to the named and putative plaintiffs, who will be given the option of participating in the settlement or retain all rights attendant to their wage and hour claims.

---

[12] Should the Court prefer the alternate process identified in *Leigh*, the parties will submit the required documents to proceed in that manner. If the Court identifies what it considers as deficient in the current submissions, the parties will submit additional or amended documents to remedy the deficiencies or provide a more detailed proposed order for the Court's consideration.

10

Respectfully submitted this 12th day of February, 2015.

| | |
|---|---|
| BY: /s/ *Gilda Adriana Hernandez*<br>Gilda Adriana Hernandez (NCSB #36812)<br>**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**<br>315 S. Salem Street, Suite 310<br>Apex, NC 27502<br>T: 919.741.8693<br>F: 919.869.1853<br>ghernandez@gildahernandezlaw.com<br><br>J. Derek Braziel,<br>Texas Bar. No. 00793380<br>**LEE & BRAZIEL, LLP.**<br>1801 N. Lamar St. Suite 325<br>Dallas, TX 75202<br>Phone: 214-749-1400<br>Fax: 214-749-1010<br>jdbraziel@l-b-law.com<br><br>*Attorneys for Plaintiffs* | /s/ *John E. Branch III*<br>Kieran J. Shanahan, NCSB# 13329<br>Brandon S. Neuman, NCSB# 33590<br>John E. Branch III, NCSB# 32598<br>**SHANAHAN LAW GROUP, PLLC**<br>128 E. Hargett Street, Suite 300<br>Raleigh, North Carolina 27601<br>Telephone: (919) 856-9494<br>Facsimile: (919) 856-9499<br>kieran@shanahanlawgroup.com<br>bneuman@shanahanlawgroup.com<br>jbranch@shanahanlawgroup.com<br><br>*Attorneys for Defendant* |

# CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2015 I electronically filed the foregoing true and accurate copy of **THE PARTIES' JOINT SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR AMENDED JOINT MOTION TO DISMISS AND APPROVE SETTLEMENT** with the Court using the CM/ECF system, and I hereby certify that I have thereby electronically served the document to the following:

Attorneys for Defendant

**SHANAHAN LAW GROUP, PLLC**

Kieran J. Shanahan, NCSB# 13329
Brandon S. Neuman, NCSB# 33590
John E. Branch III, NCSB# 32598
128 E. Hargett Street, Suite 300
Raleigh, North Carolina 27601
Telephone: (919) 856-9494
Facsimile: (919) 856-9499
kieran@shanahanlawgroup.com
bneuman@shanahanlawgroup.com
jbranch@shanahanlawgroup.com

Respectfully submitted,

*/s/ Gilda Adriana Hernandez*
Gilda A. Hernandez (NCSB No. 36812)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
315 S. Salem St., Suite 310
Apex, NC 27502
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com

J. Derek Braziel,

Texas Bar. No. 00793380
**LEE & BRAZIEL, LLP.**
1801 N. Lamar St. Suite 325
Dallas, TX 75202
Phone: 214-749-1400
Fax: 214-749-1010
jdbraziel@l-b-law.com

*Attorneys for Plaintiff*

13